UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS - AUSTIN DIVISION

| | |
|---|---|
| SPIRIT AEROSYSTEMS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>W. KENNETH PAXTON, in his official capacity as Attorney General of Texas, JANE NELSON, in her official capacity as Secretary of State of Texas,<br><br>*Defendants*. | Civil Action No. 1:24-cv-472<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY,**
**INJUNCTIVE, AND OTHER RELIEF**

Plaintiff Spirit AeroSystems, Inc., for its Complaint for Declaratory, Injunctive, and Other Relief against Defendant W. Kenneth Paxton (in his official capacity as Attorney General of the State of Texas) and Defendant Jane Nelson (in her official capacity as Secretary of State of Texas) (collectively, "Defendants"), hereby alleges:

**INTRODUCTION**

1. In an attempt to demand confidential and propriety corporate information from Plaintiff without a warrant, Attorney General Paxton and the office of the Attorney General of the State of Texas issued a "Request to Examine" addressed to Spirit AeroSystems Holdings, Inc. ("Spirit Holdings"), a Kansas-based company incorporated in Delaware and the parent company of Spirit AeroSystems, Inc. ("Spirit"), purportedly pursuant to Texas Business Organizations Code §§ 12.151-12.156 (the "Request to Examine statute").

1

2. Spirit learned of the issuance of the Request to Examine when the Attorney General, prior to serving or otherwise transmitting the Request to either Spirit Holdings or Spirit, posted the Request on his official website and issued a press release regarding the same.

3. On its face, the Request to Examine statute allows the Texas Attorney General, at his discretion, to inspect, examine, and copy any records and documents of entities doing business in the state, including foreign filing entities, and requires immediate compliance without opportunity for judicial review. Tex. Bus. Orgs. Code §§ 12.151-12.156. The Request to Examine statute further provides that, upon written request from the Attorney General, a foreign filing entity must "immediately permit" the Attorney General to "inspect, examine, and make copies of" its records. *Id.* § 12.152. Noncompliance carries severe civil and criminal penalties. *Id.* §§ 12.155-12.156.

4. Spirit, which is headquartered in Kansas and has only a repair-and-maintenance facility in Texas at which only 98 of Spirit's 20,655 employees work, has significant legal concerns with and objections to, among other things, the scope and reasonableness of the Request to Examine. Although the Request to Examine statute authorizes sweeping intrusions by the Attorney General into privately-owned records, the statute provides no mechanism to allow a company to seek precompliance judicial review of a request. Such judicial review is especially important where, as here, the Attorney General's investigation bears no connection to events occurring in the State of Texas and as such has, at best, a questionable law enforcement purpose.

5. Thus, the Request to Examine statute violates, both facially and as applied, Spirit's Fourth and Fourteenth Amendment right to be free from unreasonable searches and seizures. In this action under 42 U.S.C. § 1983, Spirit seeks a declaratory judgment that Texas

Business Organizations Code §§ 12.151-12.156 is unconstitutional, a preliminary injunction to halt its operation until a final ruling on the merits, and a permanent injunction.

## PARTIES

6. Plaintiff Spirit AeroSystems, Inc. ("Spirit") is one of the world's largest manufacturers of aerostructures for commercial, military, and business jets. Spirit has its headquarters in Wichita, Kansas, and is incorporated in Delaware. Spirit is a foreign filing entity in Texas pursuant to Tex. Bus. Orgs. Code § 9.001.

7. Spirit AeroSystems Holdings, Inc. ("Spirit Holdings") is the parent corporation of Spirit AeroSystems, Inc. Spirit Holdings, to which the Request to Examine was addressed, is not a foreign filing entity in Texas.

8. Defendant W. Kenneth Paxton is sued in his official capacity as Attorney General of Texas. The Attorney General's offices are located in Austin, Texas.

9. Defendant Jane Nelson is sued in her official capacity as Secretary of State of Texas. The Secretary of State's offices are located in Austin, Texas. Spirit's registration as a foreign filing entity is filed with the Secretary of State. Tex. Bus. Orgs. Code § 4.001.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this action arises under the Fourth and Fourteenth Amendments to the United States Constitution; under 28 U.S.C. § 1343(a)(3), in that it is brought to redress deprivations, under color of state law, of rights, privileges, and immunities secured by the United States Constitution; under 28 U.S.C. § 1343(a)(4), in that it seeks to secure equitable relief under an Act of Congress, specifically 42 U.S.C. § 1983, which provides a cause of action for the protection of civil and constitutional rights; under 28 U.S.C. § 2201, to secure declaratory relief; under 28

U.S.C. § 2202 to secure preliminary and permanent injunctive relief; and under 42 U.S.C. § 1988, to award attorneys' fees.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because this is the judicial district where Defendants have their offices and from which the Request to Examine was issued. Additionally, the Request to Examine purports to require compliance in this District, as Defendants have indicated that the records and documents must be submitted to the Office of the Attorney General in Austin, Texas.

## EVENTS GIVING RISE TO THIS ACTION

### *Spirit AeroSystems, Inc.*

12. Spirit is one of the world's largest manufacturers of aerostructures for commercial airplanes, military platforms, and business jets. Headquartered in Wichita, Kansas and incorporated in Delaware, Spirit operates at ten other locations around the world.

13. As is most relevant here, Spirit manufactures the fuselages for Boeing 737 airplanes. Fuselage design and manufacturing takes place entirely outside Texas, at Spirit's 650-acre campus in Wichita, Kansas. The Wichita campus includes Spirit's corporate offices, 1.9 million square feet of space for the engineering and design group, 8.1 million square feet of manufacturing space, and 2.7 million square feet for warehouses and support functions.

14. Spirit has one operating facility in Texas, near the Dallas Love Field Airport. Spirit's Dallas leased facility employs 98 of Spirit's 20,655 employees worldwide. The facility is focused narrowly on providing maintenance, repair, and overhaul services, with a particular specialty for repairing nacelle and flight control surfaces. It is not involved in the original manufacture or production of fuselages.

15. To operate its repair-and-maintenance facility in Dallas, Spirit is required to register as a foreign filing entity under the Texas Business Organizations Code. *See* Tex. Bus.

4

Orgs. Code § 9.001.  Spirit files its registration with the Texas Secretary of State, who maintains the registration for foreign filing entities and filing entities in the state.  *Id.*

### The Texas "Request to Examine" Statute

16. The Texas Business Organizations Code's Request to Examine statute gives the Attorney General discretionary authority to demand immediate access to "***any*** record" of a filing entity or foreign filing entity registered in Texas in order to determine whether the entity is violating either its governing documents or any Texas state law.  Tex. Bus. Orgs. Code §§ 12.151, 12.153 (emphasis added).

17. The statute defines "record" broadly to include "minutes" and any "book, account, letter, memorandum, document, check, voucher, telegram, constitution, and bylaw."  *Id.*  Upon written request from the Attorney General (a "Request to Examine"), a filing entity must "***immediately*** permit" the Attorney General to "inspect, examine, and make copies of" its records.  *Id.* § 12.152 (emphasis added).  The statute makes no reference to the Attorney General's authority to request the production of records.  Rather, the statute contemplates the physical inspection and copying of such records at the entity's place of business.

18. The Texas state courts, interpreting the predecessor to the Request to Examine statute, have held that the Attorney General's power under this "visitorial statute" grants the Attorney General the unfettered discretionary authority "to make examination of the records of the corporation as often as he may deem necessary immediately after presentation of a letter of request for such examination."  *Walker-Texas Inv. Corp. v. State*, 323 S.W.2d 603, 606 (Tex. Civ. App. 1959) (internal quotation marks omitted).  As the Texas state courts described it, the statute "give[s] the Attorney General an unlimited and unrestricted right of visitation and examination of the books and records of the corporation."  *Humble Oil & Refining Co. v. Daniel*, 259 S.W.2d 580, 589 (Tex. Civ. App. 1953).

5

19. Noncompliance carries severe penalties. An entity that "fails or refuses" to comply with a Request to Examine "forfeits the right … to do business" in Texas, and the statute provides that the entity's registration "shall be revoked or terminated." *Id.* § 12.155. The statute also provides for criminal penalties. Any "managerial official or other individual having the authority to manage the [entity's] affairs" who "fails or refuses" to comply can be convicted of a Class B misdemeanor. *Id.* § 12.156. In Texas, an individual convicted of a Class B misdemeanor can be sentenced to 180 days in jail. Tex. Penal Code § 12.22.

***Defendant Seeks To Examine And Copy Spirit's Records And Documents***

20. On March 28, 2024, the Texas Attorney General announced an investigation into an alleged "defect" in fuselages that Spirit manufactures for Boeing entirely outside Texas, and "incidents" involving Boeing 737 aircraft which likewise occurred entirely outside the state. In reality, Spirit does not manufacture any part, in Kansas, Texas, or elsewhere, that allegedly failed in incidents involving Boeing 737 aircraft.

21. That same day, the Attorney General issued a Request to Examine under § 12.151 to Spirit Holdings (the "March 28 Request"), a copy of which is attached as Exhibit A, purportedly requiring Spirit Holdings to "produce" numerous documents responsive to fourteen different demands. The March 28 Request incorrectly states that Spirit Holdings "is a foreign filing entity within the meaning of the Texas Business Organizations Code." It is not.

22. On April 4, 2024, the Attorney General first attempted, unsuccessfully, to serve its March 28 Request on Spirit Holdings. To date, the Attorney General has not transmitted the Request to Examine to Spirit Holdings. The March 28 Request was neither served on nor transmitted to Spirit. Spirit nevertheless became aware of the March 28 Request through the public announcement.

23. Neither the Request to Examine statute nor the March 28 Request itself provide for any precompliance judicial review before a neutral decisionmaker.

24. The March 28 Request focuses on, among other things, governance and manufacturing activities that occur wholly outside Texas. Six demands relate broadly to an alleged "defect" in the fuselages that Spirit manufactures at its Wichita, Kansas facility and related inspection practices. Two demands relate to a former employee at Spirit's Wichita facility. Five of the fourteen demands relate to Spirit's diversity, equity, and inclusion policies—policies that are developed at Spirit's Wichita headquarters. One demand relates to Spirit's Incentive Compensation Plan for senior executives.

25. None of the March 28 Request's demands concern the Dallas facility or Spirit's operations in Texas. The March 28 Request does not limit the documents requested to those stored in Texas, if any, or documents related to Spirit's activities in Texas.

26. The March 28 Request fails to identify how the documents it requests relate to any purported violation of any Texas state law.

27. The Request warns Spirit Holdings in bold letters that noncompliance entails the forfeiture of the right to conduct business in Texas and that certain Spirit Holdings officials who do not comply can be convicted of a Class B misdemeanor.

28. The Attorney General initially gave Spirit Holdings until April 17, 2024—less than three weeks—to produce all responsive documents.

29. Given its significant legal concerns with the Request and its scope, Spirit asked the Attorney General to withdraw the Request. The Attorney General has refused to do so.

30. On April 15, 2024, the Attorney General extended the production deadline by seven days to April 24, 2024. On April 22, the Attorney General extended the deadline to respond to

7

April 30.  On April 29, the Office of the Attorney General indicated that it would not withdraw the Request but would enter into a stipulation that it would extend the response date to allow Spirit to file this suit and for the parties to file cross-motions for summary judgment.  The parties entered into this stipulation on May 1, 2024.

### *Effect of Compliance And Non-Compliance With The Request To Examine*

31. Spirit, if it ever receives a Request to Examine, will suffer a violation of its rights under the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures.

32. The Attorney General's March 28 Request purports to subject Spirit Holdings to ongoing violations of its rights under the Fourth and Fourteenth Amendments to be free from unreasonable searches.

33. Spirit has significant business interests in documents sought by the Attorney General, including proprietary interests and contractual confidentiality obligations.

34. Spirit also has a significant interest in the confidentiality of its employment and personnel records.

35. The Request to Examine statute does not authorize the Attorney General to demand the production of documents to his office.  Rather, the statute requires that the foreign filing entity "permit the attorney general to inspect, examine, and make copies" of the records sought "as the attorney general considers necessary," thereby requiring Spirit to permit the Attorney General to enter Spirit's corporate headquarters in Kansas at his discretion to conduct such inspection, examination, and copying.  Tex. Bus. Orgs. Code § 12.151.

36. If Spirit were to refuse to comply with a request under the Request to Examine statute, Spirit would immediately face severe penalties.  For one, Spirit executives could be

prosecuted for a Class B misdemeanor and face incarceration for noncompliance with the Attorney General's Request.  *See* Tex. Bus. Orgs. Code § 12.156.

37. For another, the statute provides that any entity that fails to comply with a Request to Examine "forfeits the right … to do business in this state."  *See* Tex. Bus. Orgs. Code § 12.155.

**COUNT I**
**VIOLATION OF THE FREEDOM FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**
**(42 U.S.C. § 1983)**

38. Spirit incorporates the allegations in the foregoing paragraphs as if set forth fully herein.

39. There is a clearly established legal right to an opportunity to obtain precompliance review of an administrative search or an administrative subpoena before a neutral decisionmaker.

40. Texas Business Organizations Code § 12.151 requires filing entities and foreign filing entities in Texas to submit to unlimited, unreasonable administrative searches at the discretion of the Attorney General with no provision for judicial review before being required to comply.

41. Furthermore, Texas Business Organizations Code § 12.151 subjects company executives to prosecution for a Class B misdemeanor, meaning company executives face incarceration for failure to respond to the Attorney General's Request without any opportunity for precompliance review.

42. Plaintiffs request this Court to declare that Texas Business Organizations Code §§ 12.151-12.156 violates, on its face and as applied, the freedom from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

43. Accordingly, the Attorney General and the Secretary of State must also be enjoined and restrained from using or enforcing the Request to Examine statute by Order of this Court.

44. Moreover, the March 28 Request seeks a broad array of documents that are stored in other states, as well as documents that are irrelevant to any operations in the State of Texas. The Request does not limit the bounds of each demand to specific information that is relevant to the enforcement of Texas law or the operations of Spirit within the state.

45. The injuries and constitutional deprivations are directly and proximately caused by the actions of the Attorney General, in his capacity as a government agent, and are the product of a policy or custom of the State of Texas.

46. Plaintiffs request this Court to declare that any Request to Examine issued to Spirit by the Attorney General would violate the freedom from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

47. Plaintiffs thus request this Court to declare Texas Business Organizations Code §§ 12.151-12.156 unconstitutional on its face and as applied.

**PRAYER FOR RELIEF**

In order to prevent imminent violation of Plaintiffs' constitutional rights by Defendants, it is appropriate and proper that a declaratory judgment be issued, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaring unconstitutional Texas Business Organizations Code §§ 12.151-12.156.

Furthermore, pursuant to 28 U.S.C. § 2202 and Federal Rule of Civil Procedure 65, it is appropriate and hereby requested that the Court issue preliminary and permanent injunctions prohibiting the Attorney General from enforcing Texas Business Organizations Code §§ 12.151-12.156.

WHEREFORE, Plaintiff Spirit seeks judgment in its favor and an Order against Defendants that grants the following relief:

- A. Declare that Texas Business Organizations Code §§ 12.151-12.156 is unconstitutional on its face and as applied because it violates the right to be free from unreasonable searches and seizures guaranteed by the United States Constitution;

- B. Issue a preliminary and permanent injunction against Defendant Attorney General W. Kenneth Paxton, Defendant Secretary of State Jane Nelson, and all parties in active concert or participation with them from using or enforcing the right of inspection, examination, or copying of corporate documents under Texas Business Organizations Code §§ 12.151-12.156;

- C. Issue a preliminary and permanent injunction against Defendant Attorney General W. Kenneth Paxton, Defendant Secretary of State Jane Nelson, and all parties in active concert or participation with them from revoking Spirit's business registration in the State of Texas for failure to permit inspection, examination, or copying of Spirit's corporate documents pursuant to a request under Texas Business Organizations Code §§ 12.151-12.156;

- D. Award Plaintiff its costs and expenses incurred in bringing this action, including reasonable attorney fees pursuant to 42 U.S.C. § 1988; and

- E. Grant such other and further relief as the Court deems equitable, just, and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 1, 2024                           Respectfully submitted,


                                                      By:   */s/ Gerard A. Salvatore*

                                                        McCARTY LAW PLLC
                                                        Darren L. McCarty (SBN: 24007631)
                                                           darren@mccartylawpllc.com
                                                        1410B West 51st Street
                                                        Austin, TX 78756
                                                        Telephone: (512) 827-2902

                                                        WILMER CUTLER PICKERING HALE AND DORR LLP
                                                        Matthew T. Martens (*pro hac vice forthcoming*)
                                                           matthew.martens@wilmerhale.com
                                                        Jaclyn N. Moyer (*pro hac vice forthcoming*)
                                                           jaclyn.moyer@wilmerhale.com
                                                        Gerard A. Salvatore (*Admitted to practice before the Western District of Texas*)
                                                           jerry.salvatore@wilmerhale.com
                                                        2100 Pennsylvania Avenue, NW
                                                        Washington, DC 20037
                                                        Telephone: (202) 663-6921


                                                        *Attorneys for Plaintiff Spirit AeroSystems, Inc.*