UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SPIRIT AEROSYSTEMS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> W. KENNETH PAXTON, *in his official capacity as Attorney General of Texas*, JANE NELSON, *in her official capacity as Secretary of State of Texas*, <br><br> *Defendants*. | Civil Action No. 1:24-cv-00472-RP |

## SPIRIT AEROSYSTEMS, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff Spirit AeroSystems, Inc. ("Spirit") hereby moves this Court, pursuant to Federal Rule of Civil Procedure 54(d)(2) and Local Civil Rule 54(b)(2), for an award of attorneys' fees and costs to be paid to Spirit by Defendant W. Kenneth Paxton, in his official capacity as Attorney General of Texas.  This Court entered final judgment against Defendant Paxton and in favor of Spirit by Order dated December 9, 2024, declaring the Request to Examine Statute, Tex. Bus. Orgs. Code §§ 12.151-12.156 (the "RTE Statute"), facially unconstitutional in violation of the Fourth Amendment, and enjoining Defendant Paxton's use of the same against Spirit.  ECF. No. 58.  Accordingly, Spirit makes this request for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 as the prevailing party in an action under 42 U.S.C. § 1983.  Spirit respectfully reserves the right to supplement this filing with evidence of additional attorneys' fees and costs incurred during Defendant Paxton's appeal in this matter.

**I.     Background**

1.      This matter began when, on March 28, 2024, Texas Attorney General Paxton issued a press release announcing that he had launched an investigation of Spirit. Martens Decl. ¶ 10. That same day, Attorney General Paxton, through his staff in the Office of Attorney General ("OAG"), issued a Request to Examine to Spirit AeroSystems, Holdings, Inc. (the "March 28 Request to Examine") pursuant to the RTE Statute. *Id.* Shortly thereafter undersigned counsel was retained to represent Spirit. *Id.*

2.      On April 16, 2024, counsel for Spirit spoke by telephone with attorneys in the OAG, requesting that they withdraw the March 28 Request to Examine and explaining that the RTE Statute was unconstitutional. Martens Decl. ¶ 11. Following this call, counsel for Spirit emailed to attorneys in the OAG citations to the cases that established the unconstitutionality of the RTE Statute. *Id.*

3.      During a follow-up telephone call on April 29, 2024, attorneys in the OAG advised that, after having read the relevant case law (including the Supreme Court's decision in *Patel*), they would not withdraw the March 28 Request to Examine. Martens Decl. ¶ 12. Prior to this time, counsel for Spirit was preparing to file a motion with this Court seeking a temporary restraining order concerning the OAG's use of the RTE Statute against Spirit. *Id.* That filing only became unnecessary based on an interim agreement reached with the OAG by email on May 1, 2024. *See id.*; *see also* ECF No. 13.

4.      Accordingly, on May 1, 2024, Spirit filed the instant action against Attorney General Paxton pursuant to 42 U.S.C. § 1983, challenging the constitutionality of the RTE Statute under the Fourth Amendment to the U.S. Constitution. ECF No. 1. The complaint sought both a

declaration that the RTE Statute is unconstitutional and a permanent injunction against the application of the RTE Statute to Spirit. *See id.* at 11.

5. Several days later, on May 13, 2024, an attorney in the OAG sent counsel for Spirit an email withdrawing the March 28 Request to Examine and issuing a new Request to Examine directed to Spirit (the "May 13 Request to Examine"). Martens Decl. ¶ 13.

6. Shortly after Spirit filed the instant action, the parties cross-moved for summary judgment. ECF Nos. 16, 17, 21, 22, 25, 26. The parties completed briefing on July 5, 2024. The Court referred the motions to Magistrate Judge Lane for a report and recommendation. ECF Text Order Referring Motions for Summary Judgment (July 9, 2024).

7. On October 11, 2024, at the conclusion of a hearing on the cross motions for summary judgment, Magistrate Judge Lane advised that his conclusion was that Spirit's motion should be granted and Attorney General Paxton's motion should be denied. Magistrate Judge Lane requested that counsel for Spirit prepare an order reflecting his ruling. Transcript, Oct. 11, 2024 Hearing, at 71:3-5.

8. Following the October 11 hearing before Magistrate Judge Lane, counsel for Spirit spoke by telephone with an attorney in the OAG and again requested that the OAG withdraw the May 13 Request to Examine in return for Spirit discontinuing this lawsuit. Martens Decl. ¶ 14. The attorney in the OAG advised that they would not do so. *Id.*

9. On November 1, 2024, Magistrate Judge Lane issued a report and recommendation that the RTE Statute be declared facially unconstitutional and that Attorney General Paxton be permanently enjoined from enforcing the same against Spirit. ECF No. 52.

10. On November 4, 2024, Attorney General Paxton, through attorneys in the OAG, filed objections to Magistrate Judge Lane's report and recommendation. ECF No. 53. Spirit filed a response to Attorney General Paxton's objections. ECF No. 54.

11. While a ruling on those objections was pending in this Court, attorneys in the OAG advised counsel for Spirit that the OAG would not agree to delay enforcement of the May 13 Request to Examine beyond December 16, 2024, if this Court had not ruled by that date. Martens Decl. ¶ 15. Counsel for Spirit advised the Court of this deadline by email on December 5, 2024. *Id.* Shortly thereafter, counsel for Spirit began preparing a motion for a temporary restraining order against the OAG's enforcement of the May 13 Request to Examine. *Id.*

12. By Order dated December 9, 2024, this Court adopted the report and recommendation and awarded the relief that Spirit had requested in its complaint. ECF No. 56. By Order dated December 9, 2024, this Court entered final judgment against Attorney General Paxton declaring the RTE Statute facially unconstitutional and permanently enjoining Attorney General Paxton and his agents from:

    i. Enforcing or attempting to enforce the Request to Examine issued by the Office of the Texas Attorney General on March 28, 2024;

    ii. Holding or attempting to hold Plaintiff in noncompliance for not producing documents in response to the March 28, 2024 Request, or imposing or attempting to impose any consequences on Plaintiff for not producing documents in response to the March 28, 2024 Request;

    iii. Enforcing or attempting to enforce the Request to Examine issued by the Office of the Texas Attorney General on May 13, 2024;

    iv. Holding or attempting to hold Plaintiff in noncompliance for not producing documents in response to the May 13, 2024 Request, or imposing or attempting to impose any consequences on Plaintiff for not producing documents in response to the May 13, 2024 Request; and

    v. Issuing any other Requests to Examine to Plaintiff pursuant to Texas Business Organizations Code §§ 12.151–12.156.

ECF No. 58.

13. Counsel for Spirit met and conferred by telephone with counsel for Attorney General Paxton on December 12 and 20, 2024, regarding an award of attorneys' fees under 42 U.S.C. § 1988. Martens Decl. ¶ 16. Counsel in the OAG advised that they disputed the reasonableness of the hourly rates for Spirit's attorneys and did not believe they are in a position to assess the reasonableness of the hours spent on the matter. *Id.*

## II. Prevailing Party

14. Title 42 U.S.C. § 1988 provides that a "prevailing party" in an action under Section 1983 may be entitled to an award of attorneys' fees. 42 U.S.C. § 1988. A plaintiff prevails "'when actual relief on the merits of [its] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992)). The Supreme Court "has repeatedly held that an injunction or declaratory judgment, like a damages award, will usually satisfy that test." *Id.*

15. There is no dispute that Spirit is a prevailing party in this case. The Court's final judgment granted permanent injunctive relief against the Attorney General on the merits of Spirit's claim, declaring the RTE Statute facially unconstitutional and enjoining the Attorney General's use of the statute against Spirit. ECF No. 58. This "materially altered" the legal relationship between Spirit and the Attorney General because prior to the ruling the Attorney General intended to carry out an administrative search of Spirit's corporate records under the auspices of the RTE Statute, but after the ruling the Attorney General cannot do so. *See, e.g.*, *Lefemine*, 586 U.S. at 5 (explaining that Lefemine was a prevailing party where before the district court's injunction, "police intended to stop Lefemine from protesting," and "after the ruling, the police could not

prevent him from demonstrating"). Thus, the permanent injunction here "worked the requisite material alteration in the parties' relationship," and Spirit is consequently a prevailing party. *Id.*

### III.   Calculation of Award

17.   Title 42 U.S.C. § 1988 provides that any award of attorneys' fees must be "reasonable."

18.   Spirit seeks $580,615.50 as fair and reasonable attorneys' fees, as documented and explained in the declarations of attorneys Matthew Martens, Jaclyn Moyer, Kelly Dunbar, Leah Fugere, John Barna, and Darren McCarty, attached hereto as Attachments 2 – 7, and which are fully incorporated herein by reference.

19.   When considering a request for attorneys' fees, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The Court thus possesses discretion in assessing fees. *Id.* ("[A]ppellate courts must give substantial deference to [the trial court's] determinations, in light of the district court's superior understanding of the litigation." (citation omitted)). Ultimately, the "essential goal of shifting fees … is to do rough justice." *Cantu Servs., Inc. v. Frazier*, 682 F. App'x 339, 343 (5th Cir. 2017). With that goal in mind, Spirit has sought to be reasonable and fair, including by making reductions as a matter of billing discretion.

20.   The ultimate calculation of attorneys' fees involves a two-step process. First, the court calculates the lodestar amount by multiplying the number of hours reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013); *Combs v. City of Huntington, Texas*, 829 F.3d 388, 392 (5th Cir. 2016).

21. The number of hours reasonably spent are determined, in the first instance, from the attorneys' time records, as to which attorneys should exercise "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

22. The lodestar's reasonable hourly rate determination is based on the rate charged in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895-896 n.11 (1984); *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).

23. At the second step, the lodestar amount may be adjusted upward or downward depending on consideration of a variety of factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 49 U.S. 87 (1989).

24. In the end, the fees calculation under the lodestar method yields a fee that is presumptively reasonable. *Perdue v. Kenny A.*, 559 U.S. 542, 552-553 (2010); *Black*, 732 F.3d at 502.

25. In this case, several attorneys have been involved to varying degrees on behalf of Spirit. Attachment 1 to this Motion identifies the six attorneys for whose fees Spirit is seeking reimbursement and the amount of fees associated with their work.

26. Attorney Matthew Martens was lead counsel throughout this matter, and associate attorney Leah Fugere has been continuously and extensively involved since the initial filing of this action. These two attorneys have handled the overwhelming bulk of the work in this matter. *See* Attachment 1 (listing billed hours by attorney); *see also* Martens Decl., Ex. A; Fugere Decl., Ex.

A. For a time, they were assisted by a junior associate, John Barna, who has since left their law firm. *See* Barna Decl.

27.     Fees are also sought for attorneys Jaclyn Moyer and Kelly Dunbar, who provided invaluable assistance and counsel throughout. *See* Moyer Decl.; Dunbar Decl.

28.     Finally, fees are sought for work performed by attorney Darren McCarty, who provided local counsel services. *See* McCarty Decl.

29.     Declarations for each of these attorneys are provided as attachments to this motion. Each declaration includes information about the individual attorney's professional background and experience, rates charged for this matter, and work performed. Each declaration also includes exhibits of detailed information showing itemized dates, services performed, and time spent performing services in this matter. The declarations in support of Spirit's fees request also explain the nature of the necessary work performed in this matter.

30.     In assessing the fees for which to seek reimbursement by way of this motion, undersigned counsel has exercised further billing judgment. In particular, undersigned counsel has not included any of the travel time for counsel's appearance at the oral argument before Magistrate Judge Lane, which amounted to approximately 8 hours (4 hours each way), or approximately $14,400. In addition, undersigned counsel has excluded approximately 3.0 hours of time (approximately $3,400) spent by a partner at counsel's law firm who assisted in a moot court to prepare for that oral argument. Undersigned counsel has also excluded approximately 43.3 hours of time (approximately $26,846) spent by paralegals cite checking and finalizing the numerous submissions to this Court. Still further, undersigned counsel excluded approximately 1.3 hours of time (approximately $2,000) conferring with a senior partner in the undersigned counsel's law firm concerning litigation strategy in this matter. Finally, undersigned counsel

excluded more than 3.0 hours of time (more than $5,200) spent by counsel and counsel's partners attending to various emails with regard to the administration of this matter. This is not to suggest that any of roughly $50,000 worth of time was unnecessary or inappropriate; rather, undersigned counsel has excluded it as an act of good faith and as evidence of the conservative approach taken in this fee application. *See* Martens Decl. ¶ 17.

31. The hourly amounts charged by the attorneys involved in this matter are all believed to be wholly consistent with reasonable and customary rates of comparable attorneys in the local market in Austin, Texas. *See* McCarty Decl. ¶ 11; Martens Decl. ¶ 7. The actual rates charged by each of the attorneys in this matter equal or exceed the rate used for purposes of calculating the lodestar amount of the requested fee award. *See* McCarty, Ex. A; Martens Decl., Ex. A; Moyer Decl., Ex. A; Dunbar Decl., Ex. A; Fugere Decl., Ex. A; Barna Decl., Ex. A. Attorney McCarty, who practices in Austin, has explained the basis for his fee in his declaration. *See* McCarty Decl., Attachment 5. Similarly, attorneys Martens, Moyer, and Dunbar explain their experience that serves as a basis for their hourly rates. *See* Martens Decl. ¶¶ 2–5; Moyer Decl. ¶¶ 2–5; Dunbar Decl. ¶¶ 2–7. Attorney McCarty explains, based on his experience and knowledge of the Austin legal market, that the hourly rates used for each of the attorneys for purposes of calculating the lodestar amount—ranging from $1,800 to $700 per hour—are consistent with market rates for what these experienced attorneys could charge for similar work in Austin.[1] *See* McCarty Decl. at ¶ 11.

---

[1] This Court has previously ruled that a rate of $750 per hour is reasonable for an attorney providing representation in this locality in a matter involving a Social Security Disability Insurance claim. *Salinas v. O'Malley*, 2024 WL 3991255, at *6 (W.D. Tex. Aug. 28, 2024). While the hourly rates sought in this matter exceed the rates used in *Salinas*, the nature of the work in this matter is more complicated and requires more sophisticated legal counsel.

32. Spirit asserts that the amounts for which a fee award is requested in this motion, as explained in the accompanying declarations, are reasonable under the lodestar calculation method. A strong presumption of reasonableness attaches to the lodestar amount. *Black*, 732 F.3d at 502.

33. The lodestar amount may be adjusted upward or downward depending on consideration of a variety of factors identified in *Johnson*, 48 F.2d at 717-719. In this case, Spirit does not request an upward adjustment of the lodestar amount, nor do any of the *Johnson* factors warrant any reduction of the lodestar amount. If anything, several *Johnson* factors could well justify an upward adjustment, including the experience, reputation, and ability of the attorneys involved, and the results obtained. *See id.*

### IV.   Certificate of Conference

36. Counsel for Spirit conferred with counsel for Defendant Paxton in the OAG, who is opposed to the relief requested by this motion. Martens Decl. ¶ 16. Counsel in the OAG advised that they dispute the reasonableness of the hourly rates for Spirit's attorneys and are not in a position to assess the hours spent on the matter at this time. *Id.*

### CONCLUSION

Spirit is the prevailing party in this case and is therefore presumptively entitled to recover reasonable attorneys' fees and expenses under 42 U.S.C. § 1988. Spirit respectfully requests that the Court award attorneys' fees in the amount of $580,615.50, calculated pursuant to the lodestar method and thus presumptively reasonable, and expenses in the amount of $979.20, as documented in the supporting declarations, and which amounts are summarized in Attachment 1 to this motion. Spirit respectfully reserves the right to supplement this filing with evidence of additional attorneys' fees, nontaxable expenses, and costs incurred during Defendant Paxton's appeal of this matter.

Dated: December 23, 2024.

             Respectfully submitted,

             /s/  Matthew T. Martens

             McCARTY LAW PLLC
             Darren L. McCarty (SBN: 24007631)
             darren@mccartylawpllc.com
             1410B West 51st Street
             Austin, TX 78756
             Telephone: (512) 827-2902

             WILMER CUTLER PICKERING HALE
             AND DORR LLP
             Matthew T. Martens (*pro hac vice*)
              matthew.martens@wilmerhale.com
             Jaclyn N. Moyer (*pro hac vice*)
              jaclyn.moyer@wilmerhale.com
             2100 Pennsylvania Avenue, NW
             Washington, DC 20037
             Telephone: (202) 663-6921
             Facsimile: (202) 663-6363

             *Attorneys for Plaintiff Spirit*
               *AeroSystems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this date filed the foregoing PLAINTIFF SPIRIT'S MOTION FOR ATTORNEYS' FEES, via the Court's CM/ECF system, which will automatically give notice to all counsel of record.

This 23rd day of December, 2024.

/s/   Matthew T. Martens

WILMER CUTLER PICKERING HALE
AND DORR LLP
Matthew T. Martens (*pro hac vice*)
   matthew.martens@wilmerhale.com
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6921
Facsimile: (202) 663-6363


*Attorney for Plaintiff Spirit
    AeroSystems, Inc.*