UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SPIRIT AEROSYSTEMS, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> W. KENNETH PAXTON, *in his official capacity as Attorney General of Texas*, JANE NELSON, *in her official capacity as Secretary of State of Texas*, <br><br> *Defendants*. | Civil Action No. 1:24-cv-00472-RP |

## DECLARATION OF MATTHEW MARTENS IN SUPPORT OF PLAINTIFF SPIRIT'S MOTION FOR ATTORNEYS' FEES AND COSTS

I, Matthew Martens, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a member of the bars of the District of Columbia, New York, North Carolina, New Jersey, and Pennsylvania (inactive), and numerous federal court bars. I have been admitted pro hac vice in the United States District Court for the Western District of Texas for the purpose of representing Spirit AeroSystems, Inc. ("Spirit") in the above-captioned matter. I have personal knowledge of the facts stated herein, and if called as a witness I could testify competently thereto.

2. I received my law degree from the University of North Carolina School of Law in 1996. After graduating from law school, I served as a law clerk to Judge David Sentelle of the U.S. Court of Appeals for the D.C. Circuit and then as a law clerk to Chief Justice William Rehnquist of the U.S. Supreme Court.

3. I have been actively engaged in the practice of law since 1998.

1

4. From January 2003 to August 2010, I was an Assistant U.S. Attorney in the Western District of North Carolina. From August 2010 to October 2013, I was Chief Litigation Counsel in the Enforcement Division of the U.S. Securities and Exchange Commission.

5. Since November 2013, I have been a partner in the D.C. office of the law firm of Wilmer Cutler Pickering Hale and Dorr, LLP ("WilmerHale"), the lead law firm that represents Spirit in this matter. I am a partner in, among other things, the State Attorneys General practice group at WilmerHale, and I have represented clients in investigations by the attorneys general of Texas, Louisiana, Washington, and New York.

6. As a result of my experience in private practice, I am aware of the experience and caliber of attorneys who represent corporations in investigations conducted by state attorneys general. In investigations comparable to the investigation of Spirit by the Office of the Attorney General of Texas ("OAG"), companies are routinely represented by national law firms comparable to WilmerHale.

7. My billing rate is $1,865 per hour, and that is the rate I charged Spirit for representation in this matter. I believe that my hourly rate is reasonable and consistent with the rates charged by partners of my seniority and experience at national law firms for representation in matters comparable to the above-captioned matter.

8. Attached to this declaration as Exhibit A is a list of time entries that truly and correctly record the activities and time that I have actually spent working on the tasks listed in the above-captioned matter.

9. I believe that all my recorded time was reasonable and necessary to the litigation of this matter.

10. This matter began when, on March 28, 2024, Texas Attorney General Paxton issued a press release announcing that he had launched an investigation in Spirit. That same day, Attorney General Paxton, through his staff, issued a Request to Examine to Spirit AeroSystems, Holdings, Inc. (the "March 28 Request to Examine"), pursuant to Texas Business Organizations Code §§ 12.151-12.156 (the "RTE Statute"). Shortly thereafter, WilmerHale was retained to represent Spirit.

11. On or about April 16, 2024, I spoke by telephone with attorneys in the OAG, requesting that they withdraw the March 28 Request to Examine and explaining that the RTE Statute was unconstitutional. Following that call, I emailed the attorneys in the OAG citations to the cases that established the unconstitutionality of the RTE Statute.

12. During a follow-up telephone call on April 29, 2024, attorneys in the Office of Attorney General Paxton advised by telephone that, after having read the relevant case law (including the Supreme Court's decision in *Patel*), they would not withdraw the March 28 Request to Examine. Prior to this call, I and attorneys at my law firm were preparing to file a motion with this Court seeking a temporary restraining order concerning the OAG's use of the RTE Statute against Spirit. That filing only became unnecessary based on an interim agreement reached with the OAG by email on May 1, 2024. *See id.*; *see also* ECF No. 13.

13. On May 13, 2024, an attorney in the OAG sent me an email withdrawing the March 28 Request to Examine and issuing a new Request to Examine directed to Spirit (the "May 13 Request to Examine").

14. Following the October 11 hearing before Magistrate Judge Lane, I spoke by telephone with an attorney in OAG and requested that the OAG withdraw the May 13 Request to

3

Examine in return for Spirit discontinuing this lawsuit. The attorney in the OAG advised that they would not do so.

15. On November 4, 2024, Attorney General Paxton, through attorneys in the OAG, filed objections to Magistrate Judge Lane's report and recommendation. ECF No. 53. Spirit filed a response to the Attorney General's objections. ECF No. 54. While a ruling on those objections was pending in this Court, attorneys in the OAG advised me that the OAG would not agree to delay enforcement of the May 13 Request to Examine beyond December 16, 2024, if this Court had not ruled by that date. I advised the Court of this deadline by email on December 5, 2024. In the meantime, I and the attorneys at my law firm began preparing a motion for a temporary restraining order against the OAG's enforcement of the May 13 Request to Examine.

16. I met and conferred by telephone with counsel for Attorney General Paxton on December 12 and 20, 2024, regarding an award of attorneys' fees under 42 U.S.C. § 1988. During that meeting, I informed counsel in the OAG that Spirit intended to move for attorneys' fees and costs. Counsel in the OAG advised that they disputed the reasonableness of the hourly rates for Spirit's attorneys and were not in a position to agree with the hours spent on the matter.

17. In assessing the fees for which to seek reimbursement in this matter, I have exercised billing judgment. In particular, I have not included any of the travel time for my appearance at the oral argument before Magistrate Judge Lane, which amounted to approximately 8 hours (4 hours each way), or approximately $14,400. In addition, I have excluded approximately 3.0 hours of time (approximately $3,400) spent by a partner at my law firm who assisted in a moot court to prepare for that oral argument. I have also excluded approximately 43.3 hours of time (approximately $26,846) spent by paralegals cite-checking and finalizing the numerous submissions to this Court. Still further, I have excluded approximately 1.3 hours of time

(approximately $2,000) conferring with a senior partner in my law firm with regard to litigation strategy in this matter. Finally, I have excluded more than 3.0 hours of time (more than $5,200) spent by myself and my partners attending to various emails with regard to the administration of this matter. This is not to suggest that any of this roughly $50,000 worth of time was unnecessary or inappropriate.

18. Furthermore, filed concurrently with this Affidavit is a Bill of Costs (Form AO 133), attached to which is an itemized list of costs. Costs in this case totaled $979.20. Each item is correct and has been necessarily incurred in the case. The services for which fees have been charged were actually and necessarily performed in the course of this case.

*   *   *

I certify under penalty of perjury that the foregoing is true and correct. Executed on December 23, 2024, in Washington, DC.

/s/ *Matthew Martens*
Matthew Martens